**ORIGINAL**

# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

CADILLAC OF NAPERVILLE, INC.,      :

     :

         Petitioner/Cross-Respondent   :

       v.                               : Nos. 19-1150

     :          19-1167

NATIONAL LABOR RELATIONS BOARD    :

     :

         Respondent/Cross-Petitioner   :

## JUDGMENT

Before:    MILLETT, PILLARD, and KATSAS, *Circuit Judges.*

THIS CAUSE came to be heard upon a petition filed by Cadillac of Naperville, Inc. to review an Order of the National Labor Relations Board dated June 12, 2019, in Case No. 13-CA- 207245, reported at 368 NLRB No. 3, and upon a cross-application for enforcement filed by the National Labor Relations Board to enforce said Order. The Court heard argument of the parties and has considered the briefs and agency record filed in this cause. On September 17, 2021, the Court, being fully advised in the premises, handed down its opinion remanding to the Board for further consideration the unlawful discharge claim but in all other respects granting the Board's cross-application for enforcement. In conformity therewith, it is hereby

ORDERED AND ADJUDGED by the Court that Cadillac of Naperville, Inc., its officers, agents, successors, and assigns, shall abide by the said order as modified by the Court. (See Attached Order and Appendix.)

_____

Judge, United States Court of Appeals
for the District of Columbia Circuit

_____

Judge, United States Court of Appeals
for the District of Columbia Circuit

_____

Judge, United States Court of Appeals
for the District of Columbia Circuit

ENTERED:

# CADILLAC OF NAPERVILLE, INC.

## v.

## NATIONAL LABOR RELATIONS BOARD

## ORDER

Cadillac of Naperville, Inc., Naperville, Illinois, its officers, agents, successors, and assigns, shall

1. Cease and desist from

   (a) Threatening employees that their terms and conditions of employment would not be the same if they went on strike.

   (b) Telling permanently replaced employees that Cadillac of Naperville, Inc. does not want them to return to work and that if they return to work it would not be long before they were gone.

   (c) Telling recalled striking employees that they would not be employed by Cadillac of Naperville, Inc. very long and should find another job because they engaged in strike or other union activities.

   (d) Telling recalled striking employees that, if Cadillac of Naperville, Inc. ran out of work, it would lay them off first because they engaged in strike or other union activities.

   (e) Telling employees that it would more strictly enforce company rules because of employees' union activities or support.

   (f) Telling employees that it would be futile to file grievances.

   (g) Telling employees that it would eat the kidneys of employees because of their union activities or support.

   (h) Enacting attendance policies and removing free work gloves and drinking water because employees engage in strike or other union activity, without first notifying the Union and giving it an opportunity to bargain over such changes.

   (i) Prohibiting union representatives' access to unit employees without first notifying the Union and giving it an opportunity to bargain over such changes.

   (j) Unilaterally changing the terms and conditions of employment of unit employees by implementing an attendance policy and charging employees for the cost of work gloves and drinking water.

(k) Failing or refusing to immediately reinstate economic strikers upon their unconditional offer to return to work without a legitimate and substantial business justification.

(l) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

(a) Notify all employees that written attendance policies issued on and after September 18, 2017, and policies issued on or after September 25, 2017, charging employees for the cost of work gloves and drinking water have been rescinded.

(b) Before implementing any changes to policies regarding attendance, work gloves, drinking water or other terms and conditions of employment, notify and, on request, bargain with the Union as the exclusive collective-bargaining representative of employees in the following bargaining unit:

All of Journeyman Technicians, Body Shop Technicians, apprentices, lube rack technicians, part time express technicians and semi-skilled technicians.

(c) Make each striker whole for any loss of earnings and other benefits suffered as a result of Cadillac of Naperville, Inc.'s unlawful failure to reinstate them upon their unconditional offer to return to work, in the manner set forth in the amended remedy section of the Board's June 12, 2019 Decision and Order.

(d) Preserve and, within 14 days of a request, or such additional time as the Regional Director may allow for good cause shown, provide at a reasonable place designated by the Board or its agents, all payroll records, social security payment records, timecards, personnel records and reports, and all other records, including an electronic copy of such records if stored in electronic form, necessary to analyze the amount of backpay due under the terms of this Order.

(e) Within 14 days after service by the Region, post at its facility in Naperville, Illinois, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 13, after being signed by Cadillac of Naperville, Inc.'s authorized representative, shall be posted by Cadillac of Naperville, Inc. and maintained for 60 consecutive days in conspicuous places including all

2

places where notices to employees are customarily posted. In addition to physical posting of paper notices, the notices shall be distributed electronically, such as by email, posting on an intranet or an internet site, and/or other electronic means, if Cadillac of Naperville, Inc. customarily communicates with its employees by such means. Reasonable steps shall be taken by Cadillac of Naperville, Inc. to ensure that the notices are not altered, defaced, or covered by any other material. If Cadillac of Naperville, Inc. has gone out of business or closed the facility involved in these proceedings, Cadillac of Naperville, Inc. shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by Cadillac of Naperville, Inc. at any time since June 29, 2017.

(f) Within 21 days after service by the Region, file with the Regional Director for Region 13 a sworn certification of a responsible official on a form provided by the Region attesting to the steps that Cadillac of Naperville, Inc. has taken to comply.

# APPENDIX

NOTICE TO EMPLOYEES
POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS
ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
An Agency of the United States Government

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this notice.

FEDERAL LAW GIVES YOU THE RIGHT TO
Form, join, or assist a union
Choose representatives to bargain with us on your behalf
Act together with other employees for your benefit and protection
Choose not to engage in any of these protected activities.

WE WILL NOT threaten you that your terms and conditions of employment will change if you go on strike.

WE WILL NOT tell you, if you go on strike and subsequently return to work, that we do not want you to return to work and that, if you do return to work, it would not be long before you were gone.

WE WILL NOT tell you that you will not be employed by us very long and should find another job if you engage in strike or other union activities.

WE WILL NOT tell you that, if we run out of work, we will lay you off first because you engage in strike or other union activities.

WE WILL NOT tell you that we will more strictly enforce company rules because of your union activities or support.

WE WILL NOT tell you that it would be futile for you to file grievances.

WE WILL NOT tell you that we will eat your kidneys because of your union activities or support.

WE WILL NOT prohibit union representatives' access to you without first notifying the Union and giving it an opportunity to bargain over such a change.

WE WILL NOT enact attendance policies and charge you for work gloves and drinking water because you engage in strike or other union activity without first notifying the Union and giving it an opportunity to bargain over such changes.

WE WILL NOT fail and refuse to immediately reinstate economic strikers upon their unconditional offer to return to work without a legitimate and substantial business justification.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights listed above.

WE WILL rescind written attendance policies issued on and after September 18, 2017, and policies issued on or after September 25, 2017, charging employees for the cost of work gloves and drinking water.

WE WILL, before implementing any changes to policies regarding attendance, work gloves, drinking water or other terms and conditions of employment, notify and, on request, bargain with the Union as the exclusive collective-bargaining representative of employees in the following bargaining unit:

> All of Journeyman Technicians, Body Shop Technicians, apprentices, lube rack technicians, part time express technicians and semi-skilled technicians.

WE WILL make whole with interest such employees as would have been reinstated sooner but for our unlawful refusal to reinstate them as soon as possible after September 18, 2017, for wages and benefits lost on account of our failure to reinstate them to their positions as soon as possible after September 18, 2017.

CADILLAC OF NAPERVILLE, INC.

2

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

CADILLAC OF NAPERVILLE, INC.,     :

                 :

     Petitioner/Cross-Respondent :

                 :

    v.           : Nos. 19-1150

                 :   19-1167

NATIONAL LABOR RELATIONS BOARD  :

                 :

     Respondent/Cross-Petitioner :

CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2021, I electronically filed the

foregoing document with the Clerk of the Court for the United States Court of

Appeals for the District of Columbia Circuit using the appellate CM/ECF system.

I further certify that the foregoing document was served on all parties or their

counsel of record through the appellate CM/ECF system.

            /s/Ruth E. Burdick
            Ruth E. Burdick
            Deputy Associate General Counsel
            National Labor Relations Board
            1015 Half St., S.E.
            Washington, D.C.  20570

Dated at Washington, D.C.
this 23rd day of September 2021